**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES REED,** | : | |
| Plaintiff | : | **CIVIL ACTION NO. 3:16-2143** |
| v. | : | **(MANNION, D.J.)** |
| | | **(MEHALCHICK, M.J.)** |
| **LACKAWANNA COUNTY, et al.,** | : | |
| Defendants | : | |

### MEMORANDUM

Pending before the court is the report of the magistrate judge filed on July 26, 2017, (Doc. 26), which recommends that Counts IV, V, VI and VII of the plaintiff's complaint be dismissed; the Medical Defendants' motion to dismiss, (Doc. 18), be dismissed as moot; the Lackawanna County Defendants' motion to dismiss, (Doc. 10), be denied; and that the matter be remanded for further proceedings. The Lackawanna County Defendants filed objections to the report, (Doc. 27), along with a brief in support thereof, (Doc. 28). Upon review, the report and recommendation will be adopted, in part, and the matter will be remanded for further proceedings.

## I. PROCEDURAL HISTORY

By way of relevant background, on October 24, 2016, the plaintiff, a former pre-trial detainee at the Lackawanna County Prison, filed the instant counseled civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). On December 22, 2016, defendants Robert Cornall, Lackawanna County, Brian

Langan, Robert McMillan, Corey O'Brien, Patrick O'Malley, and Jim Wansacz, ("Lackawanna County Defendants"), filed a motion to dismiss the plaintiff's complaint. (Doc. 10). A brief in support of the motion was filed on January 4, 2017. (Doc. 11).

On February 2, 2017, defendants Correctional Care, Inc., Anthony Iannuzzi, John/Jane Doe Medical Staff I-X, Ken McCowley, Alexis Morskat, Ruth, Eugene Tockett and Edward Zaloga, ("Medical Defendants"), filed a motion to dismiss the plaintiff's complaint. (Doc. 18). On February 6, 2017, a brief was filed in support of the Medical Defendants' motion to dismiss. (Doc. 20).

The plaintiff filed a combined brief in opposition to the defendants' motions to dismiss his complaint on February 20, 2017. (Doc. 22). This was followed by the Lackawanna County Defendants' reply brief on March 2, 2017, (Doc. 23), and the Medical Defendants' reply brief on March 6, 2017, (Doc. 24).

On July 26, 2017, the pending report and recommendation was issued. (Doc. 26). On August 3, 2017, the Lackawanna County Defendants filed objections to the report, (Doc. 27), along with a brief in support thereof, (Doc. 28). No other party has filed objections to the report and recommendation.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

The following summarization of the factual allegations contained in the plaintiff's complaint is set forth in the report, to which no party has objected:

On October 15, 2014, Plaintiff James Reed entered Lackawanna County Prison for incarceration. (Doc. 1, ¶36). As a result of surgery undergone prior to incarceration, Reed must use a colostomy bag exposing his "innards and/or broken skin when it had to be removed, cleaned, and/or replaced," and necessitated a sanitary environment when cleaned. (Doc. 1, ¶37). Reed informed the prison of this via his intake form at the time of admission. (Doc. 1, ¶40). Despite his requests, staff denied Reed access to medical equipment related to his condition, including equipment provided by Reed's wife. (Doc. 1, ¶42). Reed was released on October 16, 2014, before being reincarcerated at the facility on October 23, 2014. (Doc. 1, ¶43).

Upon readmission to the prison, Reed again informed officials of his medical needs, and he was again placed in the medical unit. (Doc. 1, ¶¶44-46). Reed alleges that on a daily basis during his second incarceration, Defendants from both of the identified groups [Lackawanna County Defendants and Medical Defendants] ignored his stated needs for supplies and particular conditions for cleaning his colostomy bag. (Doc. 1, ¶47). As with Reed's initial incarceration, prison officials refused to permit him access to the medical supplies provided by his wife. (Doc. 1, ¶49).

Reed states that cleaning of his colostomy bag, meant to be done three times a day, requires a clean environment with running, hot water, access to antibacterials for cleaning, and proper tools; none of which were available to him during his time in the prison. (Doc. 1, ¶¶50-52). Reed complained of the conditions daily, yet was never provided an adequate environment for cleaning. (Doc. 1, ¶56). Instead, Reed was deprived access to a sink, being forced to clean the bag in the toilet of his cell. (Doc. 1, ¶¶53-54). Reed developed "numerous internal and skin infections" as a result of the conditions. (Doc. 1, ¶57). These infections manifested as severe skin rashes across his body and face, high fever, and bleeding from his side. (Doc. 1, ¶59). Daily, Reed requested medical treatment and was ignored. (Doc. 1, ¶60).

On November 20, 2014, Reed was released and

4

> immediately sought medical treatment. (Doc. 1, ¶61). Reed "was diagnosed with multiple severe infections and was required to undergo invasive and painful surgery that would have otherwise been unnecessary but for his lack of care at the Prison." (Doc. 1, ¶62). He states that he still suffers and will continue to suffer physically and mentally as a result of his time in the Prison. (Doc. 1, ¶63).

(Doc. 26, pp. 2-3). Based upon these allegations, the plaintiff sets forth the following claims in his complaint: "Count I - Municipal Liability, Failure to Supervise, Failure to Train and Civil Rights Violations Caused By Policy as to Defendant County, Defendant O'Malley, Defendant Wansacz, Defendant O'Brien, Defendant McMillan, Defendant Langan, Defendant Contractor, and Defendant Zaloga, United States Constitution, Amendment XIV, 42 U.S.C. §§1983"; "Count II - Individual Violations as to Defendants Zaloga, Cornall, Tockett, Iannuzzi, Morskat, Ruth, McCowley, John Doe Medical Defendants, and John Doe Correctional Defendants, United States Constitution, Amendments XIV; 42 U.S.C. §§1983"; "Count III - Conspiracy, Failure to Intervene, Failure to Supervise, and Failure to report as to Defendants Zaloga, Cornall, Tockett, Iannuzzi, Morskat, Ruth, McCowley, John Doe Medical Defendants, and John Doe Correctional Defendants, United States Constitution, Amendment XIV, 42 U.S.C. §§1983"; "Count IV - Supplemental State Law Claim for Intentional Infliction of Emotional Distress, against Defendants Zaloga, Cornall, Tockett, Iannuzi, Morskat, Ruth, McCowley, John Doe Medical Defendants, and John Doe Correctional Defendants"; "Count V -

5

Supplemental State Law Claim for Civil Conspiracy Against All Defendants"; "Count VI - Supplemental State Law Claim for Medical Negligence, Negligence, and Gross Negligence against Defendants Zaloga, Contractor, McCowley and John Doe Medical Defendants"; and "Count VII - Supplemental State Law Claim for Corporate Negligence against Defendant Contractor".

In support of their motion to dismiss the plaintiff's complaint, the Lackawanna County Defendants argued that the plaintiff: (1) failed to exhaust his administrative remedies at the Lackawanna County Prison prior to filing the instant action; (2) failed to state a claim for failure to train; (3) failed to state a claim for a violation of his right to due process under the Fourteenth Amendment; (4) failed to state a claim for intentional infliction of emotional distress by defendant Cornall; (5) failed to state a claim for civil conspiracy; and (6) is barred from relief on all claims from his first incarceration due to filing his complaint outside of the two-year statute of limitations. In support of their motion to dismiss the plaintiff's complaint, the Medical Defendants also argued that the plaintiff had failed to exhaust his administrative remedies prior to bringing the instant action, and argued that the plaintiff had failed to file the required certificates of merit for his medical and corporate negligence claims in Count VI and VII. Considering these arguments, the magistrate judge issued the instant report containing the above recommendations.

The court begins its review of the report with those recommendations

6

to which no objections have been filed. Initially, it is recommended that Counts IV, V, VI and VII of the plaintiff's complaint be dismissed, "as the plaintiff has acknowledged their insufficiency in his brief in opposition to the defendants' motions to dismiss". Upon review, in his combined brief in opposition to the defendants' motions to dismiss his complaint, the plaintiff "concedes that Counts IV and V should be dismissed against the County Defendants only . . ." Counts IV and V of the plaintiff's complaint are brought against both Lackawanna County Defendants and Medical Defendants. Although the plaintiff has not objected to the report dismissing Counts IV and V as to the Medical Defendants, it does not appear from his filings that the plaintiff acknowledges the insufficiency of Counts IV and V with respect to these defendants. As such, the report will be adopted to the extent it recommends dismissal of Counts IV and V against the Lackawanna County Defendants only, and not adopted to the extent it recommends the dismissal of Counts IV and V against the Medical Defendants.

With respect to Counts VI and VII, these Counts are brought only against Medical Defendants. The Medical Defendants sought dismissal of these Counts on the basis that the plaintiff had failed to file the required certificates of merit. In his combined brief opposing the defendants' motions to dismiss, the plaintiff "concurs in the dismissal of the medical negligence under Counts VI and VII of the Complaint." The plaintiff asks, however, that

such dismissal be without prejudice. If a plaintiff fails to file the required certificate of merit within sixty (60) days of filing the complaint, the proper procedure in federal practice is to file a motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the professional negligence claim without prejudice. Stroud v. Abington Mem'l Hosp., 546 F.Supp.2d 236, 250 (E.D. Pa. 2008). As such, the court will adopt the recommendation to dismiss Counts VI and VII of the plaintiff's complaint, with the added provision that such dismissal be without prejudice.

It is next recommended that the Medical Defendants' motion to dismiss be dismissed as moot, as all claims contained within have been withdrawn. Upon review, the Medical Defendants' motion to dismiss was brought on two bases. First, the Medical Defendants sought dismissal of the plaintiff's complaint, in its entirety, for his failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997(e)(a). Second, the Medical Defendants sought dismissal of Counts VI and VII of the plaintiff's complaint for failure to file the required certificates of merit. Based upon the plaintiff's representation in his opposing brief that he was not required to exhaust administrative remedies because he has not been incarcerated since on or about November 20, 2014, the Medical Defendants withdrew that portion of their motion to dismiss. Moreover, because the plaintiff concurred in the dismissal of Counts VI and VII, the Medical

8

Defendants represented that their motion to dismiss was moot. In light of the foregoing, the court finds that there is no clear error on the face of the record with respect to the recommendation that the Medical Defendants' motion to dismiss be dismissed as moot, and the court will adopt the report and recommendation in this respect.

The court then moves to those portions of the report to which there are objections. In this regard, the Lackawanna County Defendants initially argue that it appears that the magistrate judge believes that they were requesting that the plaintiff's entire action be dismissed as untimely. To the contrary, the Lackawanna County Defendants point out that they were only seeking to have any claims related to the plaintiff's incarceration from October 15, 2014 to October 16, 2014 dismissed as untimely. Apparently, the plaintiff understood the Lackawanna County Defendants' motion in this regard, as he indicated by responding that he "does not seek relief related to conduct occurring between October 15, 2014 and October 16, 2014" but "only seeks relief relative to his incarceration from October 23, 2014 through November 20, 2014, which is within the statute of limitations." In light of the plaintiff's statements, the Lackawanna County Defendants seek acknowledgment on the record that there are no claims being made for the conduct occurring between October 15, 2014 and October 16, 2014, thereby making their motion moot in this respect.

9

In considering the timeliness issue, the magistrate judge correctly provided that "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." (Doc. 26, p. 6) (citations omitted). In reviewing the allegations of the plaintiff's complaint, including those from the plaintiff's incarceration on October 15, 2014 and October 16, 2014, the magistrate judge indicated:

> Thus, the question becomes whether or not it is apparent on the face of the complaint that Reed knew or should have known of his injuries during the first incarceration. It is not clear exactly when Reed developed medical complications as a result of the conduct alleged, however it is apparent that symptoms did not manifest until sometime during the second incarceration. Thus, at this procedural juncture, Reed may be excused from not knowing the need to press his rights during or immediately following his initial one-night stay in the Prison.

(Doc. No. 26, p. 10) (citations omitted). The magistrate judge went on to consider whether any alleged violations on October 15, 2014 and October 16, 2014 fit ongoing violations under the continuing violations doctrine and were therefore subject to equitable tolling. In doing so, the magistrate judge determined that the factors for application of the continuing violations doctrine appeared to weigh in favor of the plaintiff. Accordingly, the magistrate judge indicated that it could not be said that the plaintiff's allegations were untimely at this stage of the proceedings and recommended that the Lackawanna County Defendants' motion to dismiss on timeliness grounds be denied.

In considering the record, including the brief supporting the Lackawanna County Defendants' motion to dismiss and the plaintiff's response thereto, it is apparent that the Lackawanna County Defendants were only arguing that the allegations relating to the plaintiff's incarceration from October 15, 2014 and October 16, 2014 be dismissed as untimely and that the plaintiff made clear that he was not seeking any recovery for that period of time. As such, the Lackawanna County Defendants' objections will be sustained on this basis. Rather than denying the Lackawanna County Defendants' motion related to timeliness, the court will dismiss the motion as moot in light of the fact that the plaintiff concedes that he is not seeking any relief for this period of time, but only with respect to his second period of incarceration from October 23, 2014 through November 20, 2014.

The Lackawanna County Defendants next object to the denial of their motion to dismiss the plaintiff's claims predicated upon Monell liability[1]. Here, although they acknowledge that under certain factual circumstances others can do so, the defendants argue that the prison board makes policy under Pennsylvania statute[2] and that the plaintiff does not allege in his complaint that the prison board made any unconstitutional policy with respect to him.

---

[1]The magistrate judge has set forth the standard for Monell liability which the Lackawanna County Defendants do not challenge and which need not be set forth at length herein.

[2]61 Pa.C.S.A. §1731(a).

While the plaintiff has named three commissioners who are members of the prison board, the defendants argue that nowhere in his complaint does the plaintiff suggest that they are being named in their capacity as prison board members in order to establish a basis for Monell liability. Even if this were the case, the defendants argue, as set forth by the magistrate judge, that the prison board also consists of the president judge of the court of common pleas (or a judge designated thereby), the district attorney, the sheriff, and the controller. The defendants argue that there are a total of seven board members and the plaintiff has only named three. Since the three named would constitute a minority of the board, which is insufficient to make policy, the defendants argue that the plaintiff's complaint is insufficient.

For his part, when responding to the Lackawanna County Defendants' motion to dismiss[3], the plaintiff argued that he "does not need to specifically identify the official with policymaking authority" because "practices so permanent and well settled as to have the force of law are ascribable to municipal decisionmakers." (Doc. 22, p. 5) (citations omitted). The plaintiff is correct in this respect. The Third Circuit has acknowledged that a plaintiff need not specifically identify a responsible policymaker, if the plaintiff has demonstrated a custom that is so permanent and well settled as to have the

---

[3]As indicated earlier, the plaintiff has neither responded to the report and recommendation, nor the objections thereto by the Lackawanna County Defendants.

12

force of law, such that the custom can be ascribed to municipal policymakers. Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996); Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990); Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986). As such, the plaintiff can survive a motion to dismiss his Monell claim without alleging conduct by a specific municipal policymaker by pleading facts that allow a court to infer that he sustained a constitutional injury as a result "of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (internal quotation marks omitted) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)); Boyden v. Twp. of Upper Darby, 5 F.Supp.3d 731, 743 (E.D. Pa. 2014).

Moreover, despite the plaintiff's response to the defendants' motion to dismiss, in reviewing his complaint, the plaintiff does, in fact, identify who he believes to be the official policymakers in this case, including "Defendants County, O'Malley, Wansacz, O'Brien, McMillan, Langan, Contractor and Zaloga". (Doc. 1, ¶89). The plaintiff alleges that these "Defendant Policy Makers" ". . . over the course of the time relevant to this case, held regular meeting (sic) to discuss prison matters and to set policy." He alleges that each of these defendants "developed, implemented, approved, and/or maintained a number of deficient customs, policies, and practiced (sic) with

13

deliberate indifference, which proximately caused a deprivation of Plaintiff's Constitutional Rights." (Id.). In prior paragraphs of his complaint, the plaintiff identifies the various customs, practices, or policies which he believes led to his constitutional injury. Whether any of the defendants identified as policymakers by the plaintiff are properly designated as such in this case is a matter which cannot be determined at this stage of the proceedings. The court will therefore overrule the Lackawanna County Defendants' objections on this basis.

The Lackawanna County Defendants also object to the denial of their motion to dismiss the plaintiff's failure to train claim. In this regard, it is argued that the plaintiff does not claim a "single violation" basis for failure to train and that deliberate indifference has not been sufficiently alleged.

A plaintiff can, in limited circumstances, successfully allege a municipal policy or custom through a theory that the municipality failed to adequately train its employees on how to avoid constitutional violations in a certain area, but the municipality's liability in these situations is "at most tenuous". Connick v. Thompson, 563 U.S. 51, 61 (2011); Oklahoma City v. Tuttle, 471 U.S. 808, 822-23 (1985). In this circumstance, the plaintiff must show that the municipality acted with deliberate indifference to the rights of the persons the employees come into contact with. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Typically, in cases where the alleged municipal custom or policy is the

14

failure to adequately train its officers in some relevant area of law or practice, deliberate indifference can only be established by a showing of a pattern of constitutional violations due to the failure to train. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000). This is because a municipality usually cannot act deliberately concerning a training program it is not aware is deficient. Connick, 563 U.S. at 62. Through a pattern of similar violations, a municipality becomes aware of inadequacies in its training program, and any later violations stemming from the unchanged training program can rightfully be said to be a result of deliberate indifference on the part of the municipality. Bd. of County Comm'rs of Bryan County, 520 U.S. at 407.

    However, in Board of the County Commissioners of Bryan County v. Brown, the Supreme Court did note that in a narrow set of circumstances, it may be possible to show deliberate indifference without such a pattern of constitutional violations stemming from the municipality's custom or policy, but the bar in these cases is very high. Bd. of County Comm'rs of Bryan County, 520 U.S. at 409. The Court stated that there are some situations that are so likely to cause constitutional violations from the failure to adequately train the officers in how to handle those circumstances, that a single incident, not necessarily repeated violations, can give way to municipal liability. Id. at 409. The Supreme Court in Canton, explained that on a municipal liability claim on a failure-to-train theory, deliberate indifference can be sufficiently alleged by

15

showing that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and [that] the inadequacy [of the current training]" will predictably lead to the violation of constitutional rights of those the officer comes into contact with. City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989). Therefore, without a showing of a pattern of similar violations, the plaintiff must show a "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations" and there is a "likelihood of recurrence" that "could justify a finding that [the] policymakers' decision not to train an officer reflected deliberate indifference to the obvious consequence" of that decision. Bd. of County Comm'rs of Bryan County, 520 U.S. at 409.

In this case, the plaintiff alleges that the County "fail[ed] to train . . . their employees in responding to the serious medical needs and requests of detainees at the Prison, despite the fact that they have been placed on notice countless times over the past decade of instances in which detainees' serious requests for medical attention are ignored." The plaintiff further alleges that corrections officers "were never trained . . . in regards to providing adequate medical care to inmates and reporting concerns regarding inmate health, even after the need for training was obvious to defendants in authority positions." Further, it is alleged that the County "failed to train the Prison guards in

16

responding to and reporting on the medical needs of patients, despite the fact that they knew of the need for this policy." According to the plaintiff, this failure to train was "made . . . with deliberate indifference" and, as a result of the failure to train correctional officers in this regard, he was continuously subjected to lack of medical care and treatment while confined at the Lackawanna County Prison violating his constitutional rights.

Thus, the plaintiff has alleged that correctional officers at the Lackawanna County Prison are in need of a specific type of training, i.e., training in how to recognize and report the serious medical needs of inmates or detainees. He has alleged a causal nexus between the failure to train in this regard and his injury. And the plaintiff has suggested that the need for such training was or should have been so obvious that the failure to provide such training was the result of deliberate indifference. Although the plaintiff has a difficult burden to meet in establishing his failure to train claim, at this early stage of the proceedings, the court will permit the claim to proceed. See Berg v. Cty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) ("Although it is possible to maintain a claim of failure to train without demonstrating such a pattern, the Bryan County Court made clear that the burden on the plaintiff in such a case is high."); see also Reynolds v. Municipality of Norristown, 2015 WL 4450979, at *12 (E.D. Pa. July 17, 2015) (plaintiff's allegation that his injury resulted from failure to train officers in identifying individuals

17

experiencing a medical emergency was sufficient to state a claim); Hall v. Raech, 2009 WL 811503, at *5 (E.D. Pa. Mar. 25, 2009) (plaintiff's allegation that his injury resulted from failure to train officers in identifying need for medical care and taking appropriate action was sufficient to state a claim). The Lackawanna County Defendants' objections will therefore be overruled in this respect.

Finally, the Lackawanna County Defendants object to the denial of their motion to dismiss defendant Cornall. The defendants argue here that the plaintiff has failed to sufficiently allege deliberate indifference on the part of defendant Cornall or that any conduct on his part resulted in a violation of the plaintiff's constitutional rights. The defendants argue that "[t]he Plaintiff's only complaint was that he was dissatisfied with the conditions under which he was changing his colostomy bag. To a non medical prison official, that complaint would not appear to be a serious medical need to which he was being deliberately indifferent under the circumstances. The Plaintiff did have his colostomy bag, and he was changing it. The conditions required for the changing of the bag would be a matter of professional medical judgement, to which the corrections officer could reasonably defer."

Despite the Lackawanna County Defendants' characterization of the plaintiff's claim, the court agrees with the magistrate judge that the allegations of the plaintiff's complaint present facts plausibly permitting a jury to find that

defendant Cornall's denial of requests for medical care constitute deliberate indifference to serious medical needs. In this regard, the plaintiff alleges that he made defendant Cornall aware of his need for medical attention on a daily basis. The plaintiff alleges that the need for such medical attention was obvious based upon developing skin infections, rashes across his body and face, fever, and bleeding from his side. Despite the plaintiff's obvious need for medical treatment, the plaintiff alleges that defendant Cornall ignored his requests. For the reasons set forth in the report of the magistrate judge, the Lackawanna County Defendants' objections will be overruled in this respect.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 28, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2143-01.wpd