UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES REED,<br><br>Plaintiff,<br><br>v.<br><br>LACKAWANNA COUNTY, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:16-CV-02143<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Pending before the Court is the Medical Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 30 (Doc. 52). Specifically, the Medical Defendants seek to have Ms. Price's deposition testimony stricken and Plaintiff's counsel sanctioned. The Medical Defendants submit that Plaintiff's counsel deliberately elicited false testimony from Ms. Price, with the knowledge that an Order in Ms. Price's criminal proceeding in the Lackawanna County Court of Common Pleas had been stricken. They seek to have this Court impose sanctions pursuant to Federal Rule of Civil Procedure 30(d)(2), which allows the Court to impose sanctions on a party who impedes, delays, or frustrates the examination of a deponent.

### I. FACTUAL BACKGROUND

The underlying facts of this motion are as follows. On October 12, 2016, Leah Price was sentenced by the Honorable Margaret Bisignani Moyle of the Lackawanna County Court of Common Pleas to 45 days incarceration at the Lackawanna County Prison to be served in two-day increments over weekends from Friday to Sunday and ordered to pay restitution in the amount of $20,414.95 for the commission of two crimes in 2012 and 2016. (Doc. 53-1, at 80). On October 14, 2016, Judge Bisignani Moyle signed an order directing Lackawanna

County Prison to take all necessary measures for addressing Leah Price's medications and colostomy bag. (Doc. 53-2, at 2. On November 18, 2016, Judge Bisignani Moyle conducted a hearing on Ms. Price's Petition for Contempt and/or Petition for Transfer to House Arrest. At the conclusion of that hearing, the Court struck the Petition, finding that it "unverified" and "some of them were disputed… although, there is a disagreement as to others." (Doc. 53-2, at 67). Further, the Court found that the October 14th Order "is really not in effect and hasn't been because [it] contained a lot of … medical errors…." (Doc. 53-2, at 67-68). On December 19, 2016, the Court entered a written order memorializing the order of November 18th, and specifically striking the Petition for Contempt, and striking the October 14th Order. (Doc. 60-6, at 6. During her criminal proceedings, Leah Price was represented by Plaintiff's counsel between October 27, 2016 and November 18, 2016, including at the hearing on November 18th.

On May 24, 2018, Plaintiff's counsel presented Ms. Price for her deposition in this case. Defendants submit that Plaintiff's counsel deliberately and knowingly elicited false testimony from Leah Price during that deposition, and specifically that her sentence was suspended due to Dr. Zaloga's violation of the stricken October 14, 2016 order. In response, Plaintiff submits that Ms. Price testified that she was required to use a colostomy bag, and that the Prison did not provide her with adequate treatment.

Ms. Price's deposition reflects the following questioning by Plaintiff's counsel:

Q. Okay. You said you were sentenced to 18 weekends?

A. Yes.

Q. Did you serve all those weekends?

A. No.

Q. Why not?

> A. Judge Moyle suspended the sentence because of medical issues I was having.

(Doc. 60-1, at 7).

Upon being shown a copy of the October 14, 2016 Order, Plaintiff's counsel questioned Ms. Price as follows:

> Q. … was that order issued in response to your complaints about your medical treatment at Lackawanna County Prison?
>
> A. This was actually issued when I was sentenced.

(Doc. 60-1, at 17).

Later, Plaintiff's counsel asked Ms. Price if the requirements in the order regarding her medical treatment were met:

> Q. Was that order complied with?
>
> A. No.
>
> ...
>
> Q. … were the mandates of the court's order followed at all?
>
> A. No.
>
> …
>
> Q. Did there come a time when you – you or your attorney petitioned the court to suspend your sentence?
>
> A. Yes.
>
> Q. And what was the reason you were seeking your sentence to be suspended?
>
> A. Because I was not receiving the proper – actually, my medications and then the care of my colostomy.

(Doc. 60-1, at 20).

Ms. Price was then questioned about the December 19, 2016 order:

> Q. … Do you recognize that exhibit?

A. Yes.

Q. And that's a court order; is that correct?

A. Yes.

Q. And it's signed by Judge Moyle on December 16, 2016; correct?

A. Yes.

Q. And it suspends your sentence as of December 19, 2016; correct?

A. Correct.

Q. And what was your understanding of why the judge suspended your sentence?

A. Because they were not complying with their order.

(Doc. 60-1, at 20).

On cross-examination, counsel for the Medical Defendants inquired of Ms. Price if she remembered Judge Moyle saying that [the Medical Defendants] were no longer bound by the order because it was "fraught with error, it was wrong, and they struck it…." Ms. Price answered that she did not remember that, and that she did not remember Judge Moyle's comments about the unverified statements in the petition, and did not recall that the order was struck, but she did not say that the court was wrong. (Doc. 60-1, at 20-23; 25).

## II. DISCUSSION

Depositions by oral examination are governed by Federal Rule of Civil Procedure 30, which sets forth a detailed protocol governing the conduct of parties, counsel, and deponents at depositions. The rule provides that "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." Fed.R.Civ.P. 30(c)(1). The rule permits objections by counsel: "An objection, at the time of the examination ... must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed.R.Civ.P. 30(c)(2). The court may impose an appropriate sanction on a

person who impedes, delays, or frustrates the fair examination of the deponent. Fed.R.Civ.P. 30(d)(2). The Advisory Committee Notes provide the following guidance and explanation: "In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." *Marino v. Usher*, No. 11-6811, 2013 WL 12146386, at *1 (E.D. Pa. Nov. 19, 2013)

In light of the purpose of depositions, "a response containing misrepresentations ... is as good as no response at all." *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009); *Manville Sales Corp. v. Paramount Sys. Inc.*, No. 86–4157, 1988 WL 136482, at *3–4, 1988 U.S. Dist. LEXIS 14225, at *7–8 (E.D.Pa. Dec. 16, 1988) (quoting *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141, 146 n. 5 (N.D.Ill.1982)) (holding that untruthful responses to written interrogatories warrant sanction under Rule 37(d), Fed.R.Civ.P., for failure to serve answers to interrogatories); see Fed.R.Civ.P. 27(a)(4) ("For purposes of [a motion for an order compelling disclosure or discovery], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.")

The Court does not find Ms. Price's responses, or Plaintiff's counsel's questions, to warrant sanctions. Plaintiff's counsel asked about the order; Ms. Price responded that she did not know or recall. Courts have determined sanctions to be warranted where there is a continual failure to answer questions at deposition, or answers are evasive or non-responsive. See *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182 (E.D. Pa. 2008) (sanctioning attorney and litigant for deponent's repeated use of profanity, vulgar and abusive behavior); *Huggins v. Coatesville Sch. Dist.*, No. 07-4917, 2009 WL 2973044, at *3-4 (E.D. Pa. Sept. 16, 2009) (sanctioning attorney for disruptive behavior, name calling, and "childish baiting behavior"); *Mruz v. Caring, Inc.*, 166 F. Supp. 2d 61, 67 (D.N.J. 2001) (sanctioning party for venomous,

abusive, outrageous and personal conduct during deposition); *but cf. Saldana v. Kmart Corp., 260 F.3d 228, 237 (3d Cir. 2001)* (four uses of profane word and post-verdict letter in which attorney described an expert witness as a "Nazi" do not support the invocation of the Court's inherent sanctioning powers). The Court does not find either counsel or Ms. Price's questions or answers at her deposition to be sanctionable.

### III. CONCLUSION

For the above reasons, Defendants' motion for sanctions (Doc. 52) is **DENIED**. An appropriate Order will follow.


**Dated: December 4, 2018**                                        *s/ Karoline Mehalchick*
                                                                                          **KAROLINE MEHALCHICK**
                                                                                          **United States Magistrate Judge**