## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES REED,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:16-2143** |
| **v.** | : | **JUDGE MANNION** |
| **LACKAWANNA COUNTY, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Pending before the court is a report (Doc. 78) which recommends that

the Medical Defendants'[1] motion for summary judgment (Doc. 51) be granted

in part and denied in part. The Medical Defendants have filed objections to

the report. (Doc. 79). Upon review, the report and recommendation will be

**ADOPTED IN PART AND NOT ADOPTED IN PART**.


## I.     PROCEDURAL HISTORY

By way of relevant background, on October 24, 2016, the plaintiff, a

former pre-trial detainee at the Lackawanna County Prison, filed the instant

counseled civil rights action pursuant to 42 U.S.C. §1983 challenging his

medical treatment, or lack thereof, related to his colostomy while he was

incarcerated at the Lackawanna County Prison from October 24, 2014

---

[1]The defendants joining in this motion are Correctional Care, Inc., Edward Zaloga, D.O., Ken McCawley, Anthony Iannuzzi, Alexis Moritzkat, Eugene Tockett, Ruth Coulthard, LPN and John/Jane Doe Medical Staff I-X.

through November 20, 2014. (Doc. 1). After considering motions to dismiss, the following claims remain: Count I - Municipal Liability, Failure to Supervise, Failure to Train and Civil Rights Violations Caused by Policy; Count II - Individual Violations as to defendant Zaloga and John Doe Medical Defendants; Count III - Conspiracy, Failure to Intervene, Failure to Supervise, and Failure to Report as to Defendants Zaloga and John Doe Medical Defendants; Count IV - Supplemental State Law Claim for Intentional Infliction of Emotional Distress against Defendants Zaloga and John Doe Medical Defendants; and Count V - Supplemental State Law Claim for Civil Conspiracy Against All Defendants.

On August 7, 2018, the Medical Defendants filed the pending motion for summary judgment. (Doc. 51). A supporting brief, (Doc. 54), and statement of facts, (Doc. 55), followed on August 14, 2018. The plaintiff filed a brief in opposition to the Medical Defendants' motion for summary judgment on August 28, 2018, (Doc. 72), along with an answer to the Medical Defendants' statement of material facts and exhibits, (Doc. 71). A reply brief was filed by the Medical Defendants on September 10, 2018. (Doc. 74).

In the meantime, on August 27, 2018, a notice of voluntary dismissal was filed with respect to the Lackawanna County Defendants.[2] (Doc. 65). An

---

[2]The Lackawanna County Defendants were Lackawanna County, Corey O'Brien, Patrick O'Malley, Robert McMillan, Jim Wansacz, Brian Langan,
(continued...)

order was entered on the following day dismissing the Lackawanna County Defendants with prejudice. (Doc. 67).

On February 12, 2019, the pending report was issued, which recommends that the Medical Defendants' motion for summary judgment be denied as to the plaintiff's deliberate indifference, state law civil conspiracy and intentional infliction of emotional distress claims, and granted in all other respects. (Doc. 78). On February 26, 2019, the Medical Defendants filed objections to the report. (Doc. 79). A brief in opposition to the defendants' objections was filed by the plaintiff on March 19, 2019. (Doc. 82). On March 29, 2019, the defendants filed a reply brief in support of their objections. (Doc. 83).

## II.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the

[2](...continued)
Robert Cornall and John/Jane Doe Prison Staff 1-10.

extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.  DISCUSSION

The Medical Defendants first object to the magistrate judge's report recommending that summary judgment be denied on the deliberate indifference claim arguing that the plaintiff did not have a serious medical need. Specifically, the Medical Defendants argue that the magistrate judge failed to consider that the serious medical need element "contemplates a condition of urgency, one that may produce death, degeneration, or extreme

pain."

"A colostomy is when one end of an individual's large intestine is brought through a surgically-created hole to the outside of the abdomen and stitched down in order to allow the individual's fecal matter to drain into a bag attached to the individual's body." Champion v. DiCocco, 2018 WL 4087482, at *5 (E.D. Va. Aug. 24, 2018) (quoting Jones v. Gaetz, 2017 WL 1132560, at *3 (S.D. Ill. Mar. 27, 2017) (citation omitted)). The use of a colostomy can constitute a serious medical need as there are obvious "risks inherent in a colostomy, including but not limited to, irritation, infection, and herniation. Without a doubt, a colostomy requires a doctor's attention on occasion and significantly affects an individual's daily activities." Id. (citing Williams v. Erickson, 962 F.Supp.2d 1038, 1042 (N.D. Ill. 2013)). See Ferebee v. Cejas, 161 F.3d 2 (4th Cir. 1998) (unpublished) (alleged need for colostomy bags constitutes a serious medical need); Anderson v. Cty. of Kern, 45 F.3d 1310, 1314 (9th Cir.1995) ("[L]ack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."); Anderson v. Cty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (plaintiff's allegations regarding having his colostomy improperly maintained plausibly establishes a serious medical need). As indicated in the magistrate judge's report, on the current record, there are material issues of fact as to whether the condition of the plaintiff's colostomy and the need to maintain it

constituted a serious medical need. Therefore, the court will overrule the Medical Defendants' objections on this basis.

The Medical Defendants further object to the report recommending denial of summary judgment on the deliberate indifference claim arguing that, even if the plaintiff had a serious medical need, he received adequate medical treatment. Here, the Medical Defendants argue that there is no evidence in the record that the plaintiff ever requested and was denied supplies for his colostomy bag. In fact, the Medical Defendants argue that the record demonstrates that the plaintiff received continual medical attention and monitoring. While there are indications in the record that the plaintiff received certain medical care on a daily basis, including the taking of his blood pressure and administration of various medications, as indicated in the magistrate judge's report, there are disputed facts with regard to the treatment of the plaintiff's colostomy. The plaintiff's medical records reflect that on one occasion during his month-long stay, he was provided with a colostomy bag and bandage, after which there is a three week gap regarding the provision of colostomy supplies to the plaintiff. It is unclear whether during this time the plaintiff properly requested and was not given his colostomy supplies. The gap in the plaintiff's medical records creates a genuine dispute relevant to whether the Medical Defendants were deliberately indifferent to the plaintiff's serious medical needs. As such, the court will overrule the Medical

Defendants' objections to this portion of the magistrate judge's report.

As to the plaintiff's state law conspiracy claim, relying on <u>Wilson v. Lackawanna Cty.</u>, 2018 WL 3371922 (M.D.Pa. June 6, 2018), the Medical Defendants argue that the magistrate judge erred in finding that agents of a single entity can conspire with each other. The court agrees with the magistrate judge that the facts of this case are distinguishable from those of <u>Wilson</u> and therefore summary judgment is not warranted on this basis.

However, "[a] civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."[3] <u>Dice v. Johnson</u>, 711 F. Supp. 2d 340, 357 (M.D. Pa. 2010) (quoting <u>Adams v. Teamsters Local 115</u>, 214 Fed.Appx. 167, 172 (3d Cir. 2007) (citations omitted)). Upon review of the record in this action, other than his own bare allegations, the plaintiff has pointed to nothing in the record

---

[3]To establish a conspiracy claim under §1983, a plaintiff must establish both the applicability of §1983 and the Pennsylvania state law elements of a civil conspiracy. <u>See Heilimann v. O'Brien</u>, 2017 WL 895581, at *6 (M.D. Pa. Mar. 7, 2017). <u>See</u> <u>also</u> <u>Dice v. Johnson</u>, <u>infra</u> (citing <u>Ammlung v. City of Chester</u>, 494 F.2d 811, 814 (3d Cir. 1974)).

to support his civil conspiracy claim.[4]/[5] The court finds therefore that summary judgment is warranted as to the plaintiff's state law civil conspiracy claim.

Finally, the Medical Defendants argue in their objections that the magistrate judge erred in that the plaintiff's claim for intentional infliction of emotional distress fails because there has been no extreme or outrageous conduct on their part and because the plaintiff has failed to support this claim with competent medical evidence.

In order to state a claim for intentional infliction of emotional distress, the plaintiff must establish "(1) extreme and outrageous conduct; (2) which is intentional or reckless; (3) it must cause emotional distress and (4) that

---

[4]The court notes that the sufficiency of the plaintiff's civil conspiracy claim was challenged by way of the Lackawanna County Defendants' motion to dismiss. The plaintiff agreed that the motion should be granted as to the Lackawanna County Defendants. Because the claim was also brought against the Medical Defendants, and the Medical Defendants did not challenge the sufficiency of the allegations, the court allowed the claim to proceed as to these defendants.

[5]Even though the Medical Defendants did not fully address this issue in their motion for summary judgment on this basis, district courts "possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all of [his] evidence." In re SemCrude L.P., 864 F.3d 280, 296 (3d Cir. 2017) (citing Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 280 (3d Cir. 2010) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "Notice" simply requires that "'the targeted party ha[ve] reason to believe the court might reach the issue and receive[ ] a fair opportunity to put its best foot forward.'" Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006) (citations omitted).

distress must be severe." <u>M.J. v. Luzerne County</u>, 2018 WL 1960527 (M.D.Pa. Apr. 25, 2018) (citing <u>Minor v. Cumberland Twp.</u>, 258 F.Supp.3d 518, 532 (E.D.Pa. 2017)). A claim of intentional infliction of emotional distress "must be supported by competent medical evidence," such as "reliable testimony as to the nature and extent of [a plaintiff's] injuries." <u>Abuomar v. Dep't of Corr.</u>, 2018 WL 5778247, at *4 (3d Cir. Nov. 2, 2018) (citing <u>Kazatsky v. King David Memorial Park, Inc.</u>, 527 A.2d 988, 995 (1987)).

In addressing this claim, the magistrate judge noted that the Medical Defendants had only moved for summary judgment on this claim on the grounds that their conduct was not extreme or outrageous, and not on any other elements of this claim. As to extreme or outrageous conduct, viewing the facts in a light most favorable to the plaintiff as the non-movant, the magistrate judge found that there is a genuine issue of fact as to whether the Medical Defendants conduct was outrageous or reckless, or willful or intentional, and therefore she recommended that the Medical Defendants' motion for summary judgment be denied as to this claim.

Upon review, although the Medical Defendants did not expand upon the argument, they did provide in their summary judgment brief that a "plaintiff seeking to establish intentional infliction of emotional distress must also support his claim with competent medical evidence, because it is unwise and unnecessary to permit recovery to be predicated on an inference that the

defendant's outrageousness without expert confirmation that the plaintiff actually suffered the claimed distress." (Doc. 54, p. 22) (citations omitted). Moreover, upon review of the record, the plaintiff has, in fact, not provided any medical evidence in support of his claim for intentional infliction of emotional distress. As this is a necessary element of the claim, the court will sustain the objections of the Medical Defendants, decline to adopt the report of the magistrate judge and grant the Medical Defendants' motion for summary judgment as to this claim.[6]

In light of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 30, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2143-02.wpd

---

[6]Here, the court finds that the fact that the Medical Defendants raised the issue that it was necessary for the plaintiff to provide medical evidence in support of his claim for intentional infliction of emotional distress placed the plaintiff, who is represented by counsel, on notice that this may be an issue and the plaintiff had an opportunity to present any evidence in this regard.