UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENDA MILLER,** **Administratrix of the Estate of James Reed,** | : : : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-2143 |
| v. | : | (JUDGE MANNION) |
| **EDWARD ZALOGA**, <u>et</u> <u>al.</u>, | : | |
| Defendants | : | |

### MEMORANDUM

Pending before the court is the defendants' motion for attorney's fees. (Doc. 133). Based upon the court's review of the motion and related materials, the defendants' motion for attorney's fees will be **DENIED**.

By way of background, James Reed, now deceased, brought the instant action on October 24, 2016, wherein he alleged that he was given inadequate medical care by the defendants while incarcerated at the Lackawanna County Prison. Specifically, Mr. Reed alleged that he was not given adequate supplies to clean and maintain his colostomy bag. The plaintiff's complaint contained claims under 42 U.S.C. §1983 for Fourteenth and Eighth Amendment violations, as well as supplemental state law claims for intentional infliction of emotional distress, medical negligence, and corporate negligence. Two counts of the complaint were dismissed, and the

remaining claims preceded to summary judgment. Upon consideration of defendants' motion for summary judgment, one claim survived, that being the plaintiff's Eighth Amendment claim of deliberate indifference. Trial was set in the matter and commenced on February 24, 2020. Prior to trial, on October 24, 2019, Mr. Reed died of injuries sustained in an automobile accident. The action went forward with Brenda Miller, Mr. Reed's wife, as administratrix of his estate, being substituted as the plaintiff.

After presentation of the plaintiff's case, and prior to submission of the case to the jury, the court dismissed claims against various of the defendants pursuant to Federal Rule of Civil Procedure 50(a)(1). As a result of the court's ruling, the plaintiff's Eighth Amendment claim was submitted to the jury against only two of the eight moving defendants. On February 27, 2020, the jury rendered a verdict in favor of the defendants and against the plaintiff.

The defendants now move for attorney's fees as part of costs pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. §1988(b) claiming that the plaintiff's action was frivolous, unreasonable, and without foundation. The defendants further argue that the plaintiff continued to litigate the action after it became clear that it was frivolous.

Title 42 U.S.C. §1988 provides: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . ., the court, in its discretion, may

allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . . ." 42 U.S.C. §1988(b). While the "prevailing party" can be either the plaintiff or the defendant, "a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . .'" *Barnes Found. v. Twp. of Lower Merion,* 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). "The standard for awarding attorney fees to prevailing defendants is more stringent than the standard for prevailing plaintiffs." *Adams v. Teamsters Local 115*, 678 F.Supp.2d 314, 319 (E.D.Pa. 2007) (citing *Christiansburg*, 434 U.S. at 421). Attorney's fees to prevailing defendants "are not routine, but are to be only sparingly awarded." *Id.* (citations omitted). A finding that the plaintiff brought the action in bad faith need not be made by the court to award attorney's fees to the prevailing defendant, but the court must "'resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation.'" *Id.* at 158 (quoting *Christiansburg,* 434 U.S. at 421-22, 98 S.Ct. 694).

The Third Circuit has identified a number of factors relevant to a court's determination of whether an award of attorney's fees to a prevailing defendant is appropriate under §1988. These include: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found.,* 242 F.3d at 158. These considerations are not strict rules, but only guidelines. *Id.*

In this case, the moving defendants argue that the plaintiff's action was groundless, meritless, and without foundation, as evidenced by the manner in which the claims were systematically dismissed, denied, and rejected. The defendants argue that only one of the plaintiffs five causes of action survived past the summary judgment stage, and six of eight defendants were dismissed by a Rule 50 motion for judgment as a matter of law. The defendants point out the court's observation in deciding the Rule 50 motion that the case being submitted to the jury was "paper thin." Despite this, the defendants argue that the plaintiff's counsel continued to litigate the case to the jury verdict.

In response to the defendant's motion, the plaintiff looks to the factors set forth by the Third Circuit. The plaintiff argues that the first and third factors, whether the plaintiff established a prima facie case and whether the case was dismissed prior to trial, weigh in the plaintiff's favor. Plaintiff points out that a prima facie case was established as is evidenced by plaintiff's survival of summary judgment and a trial that went to verdict on the Eighth Amendment claim. Plaintiff argues therefore that the case was not frivolous such as to warrant attorney's fees.

As to the second factor, whether the defendants offered to settle, the plaintiff argues that this factor also weighs in her favor. Plaintiff argues that an attempt was made to settle the matter prior to trial, but the defendants showed absolutely no willingness to even negotiate. Because the defendants did not offer any monies to settle the case, the plaintiff had no reasonable offer to even consider.

Plaintiff argues that the fourth factor, whether the question at issue was one of first impression requiring judicial resolution, is not an issue in this case. Finally, as to the fifth factor, whether the controversy is based sufficiently upon a real threat of injury to the plaintiff, plaintiff argues that this factor also weighs in her favor. Plaintiff points out that Mr. Reed had an internal organ hanging outside of his body which was left there by surgical

intervention. It is argued that he had a real risk of pain and infection. And, the fact that case law establishes that this can be a serious medical need shows the degree of potential risk.

Considering the above factors, plaintiff argues that any grant of attorney's fees would succeed only in chilling future plaintiffs from vindicating their rights. Plaintiff argues that the fact that the jury did not find for the plaintiff does not warrant attorney's fees and that this is clearly not one of the rare cases in which fees should be awarded to a prevailing defendant.

Upon consideration, the court agrees that defendants are not entitled to attorney's fees and costs under the fee shifting provision of 42 U.S.C. §1988. Although plaintiff was ultimately unsuccessful in this action, the court will not rely on "hindsight logic," *Christiansburg,* 434 U.S. at 422, 98 S.Ct. 694, in determining whether to award fees in this case. Rather, considering the relevant factors identified by the Third Circuit as a whole, and also noting that "determinations regarding frivolity are to be made on a case-by-case basis," *Barnes Found.,* 242 F.3d at 158 (citation omitted), the court does not find that plaintiff's claims were frivolous, unreasonable and without foundation, and will not award attorney's fees to the defendants under §1988 in this case.

Case 3:16-cv-02143-MEM   Document 137   Filed 03/29/21   Page 7 of 7
- 7 -

As such, the defendant's request for attorney's fees will be denied.[1] An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 29, 2021**
16-2143-03

---

[1] Because the court is denying the defendant's request for attorney's fees, it need not consider the argument as to whether such fees can be assessed against plaintiff's counsel.